UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00123 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 47] |
| v. | : |  |
| SAM KILLINGS, JR., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Sam Killings, Jr. (Killings) moves *pro se* to correct what he describes as a clerical error in his sentencing. Killings says that his federal sentence was to run concurrently with his state sentence and asks the Court to rectify his current sentence, which he is serving consecutive to a recently finished state sentence. The government opposes Killings's motion.

For the following reasons, the Court **DENIES** Killings's motion.

I. DISCUSSION

On March 30, 2018, the Court sentenced Defendant Killings to fifty-four months imprisonment on one count of having been a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1).[1] At the time of Killings's federal sentencing, he also had two pending criminal matters in the Lorain County Court of Common Pleas.[2] One of those matters, Case No. 16CR095115, dealt with the conduct underlying the instant federal offense. In the other state matter, Case No. 17C-095874, Killings was charged with two counts of attempted murder, two counts of felonious assault, and two counts of having weapons while under

---

[1] *See* Doc. 45, PageID #: 224.
[2] *See* Doc. 42, PageID #: 204.

Case No. 1:17-cr-00123
GWIN, J.

disability.[3] The state attempted murder charges and state felonious assault charges arose from January 1, 2017, conduct and long before the October 14, 2016, conduct in this case.[4]

Killing's PSR described both state cases as "pending."[5] The federal case finished before any of the state cases resolved.

At Killings's March 30, 2018 federal sentencing, there was no mention of either pending state matter, nor does Killings's judgment entry mention either state case.[6]

After the federal sentencing and on July 19, 2018, Killings pled guilty to the indictment in his Lorain County Court of Common Pleas Case No. 17-R095874.[7] On July 19, 2018, the Lorain County court sentenced Killings to an aggregate sentence of seven years, with credit for time served.[8] The court specified that "All time concurrent with federal case 1:17-CR-00123-JG-1," the instant matter.[9]

Killings completed his state sentence at Lorain Correctional Institution and was released into federal custody to begin his federal sentence earlier this year.[10]

Killings now moves *pro se* to correct what he contends is a clerical error in his federal sentence.[11] He says that this Court ordered that his federal sentence in the instant case run concurrent with his state sentence for Case No. 17CR095874. The government opposes, arguing that Federal Rule of Criminal Procedure 36 does not allow the Court to retroactively

---

[3] *Id.*
[4] *Id.* at PageID #: 203-204.
[5] *Id.* at PageID #: 204.
[6] *See* Docs. 45, 50.
[7] *State of Ohio v. Sam M. Killings, Jr.*, Lorain C.P. No. 17CR095874 (July 19, 2018). The charges for Case No. 16CR095115 were dismissed without prejudice. *See State of Ohio v. Sam M. Killings, Jr.*, Loran C.P. No. 16CR095115 (July 19, 2018).
[8] *State of Ohio v. Sam M. Killings, Jr.*, Lorain C.P. No. 17CR095874 (July 25, 2018).
[9] *Id.*
[10] *See* Doc. 47, PageID #: 236.
[11] *Id.*

- 2 -

Case No. 1:17-cr-00123
GWIN, J.

designate Killings's federal sentence to run concurrent with his state sentence, absent clear evidence of a clerical error in the record.[12]

The government's argument is well-taken.

Federal Rule of Criminal Procedure grants a court discretion "[a]fter giving any notice it considers appropriate, . . .correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[13] A clerical error is one of recitation, of the sort that a clerk or secretary might commit, mechanical in nature.[14] However, Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court."[15]

After carefully reviewing the sentencing transcript and the judgment entry, the Court has found no evidence to support Killings's claim that his federal sentence was intended to run concurrent to any state sentence. Context supports its absence: although Killings had a state charge pending at the time of his federal sentencing, he had not yet pled or been found guilty of the state offense at the time of his federal sentencing.

Were the Court to retroactively order Killings's federal sentence to run concurrently, such an action would go beyond the Court's power to correct a mere clerical error under Rule 36. So, the Court **DENIES** Defendant Killings's motion.

Additionally, Killings could not have received concurrent sentences at the time of his federal sentencing.

A defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the

---

[12] Doc. 51, PageID #: 254. *See* Fed. R. Crim. P. 36.
[13] Fed. R. Crim. P. 36.
[14] *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004).
[15] *Id.* (quoting *United States v. Coleman*, 229 F.3d 1154, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. 2000) (Table)).

Case No. 1:17-cr-00123
GWIN, J.

offense for which was the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested for which the sentence was imposed; that has not been credited against another sentence."[16] Thus, a defendant cannot receive a "double credit for his detention time."[17]

Killings's federal sentence is for a felon in possession charge. His state sentence was for different conduct that occurred on a different date than the federal offense. His state charges were for a January 1, 2017, attempted murder, felonious assault, and having a weapon while under a disability. If Killings's state sentence were to run concurrently and be counted against his federal sentence, this may result in him receiving double jailtime credit.

The Court recognizes that the state court designated Killings's already-served state sentence to run concurrently with his federal sentence. This state-court expressed intent may give Killings some support to petition the Bureau of Prisons (BOP) to retroactively designate Killings's state prison as an institution for service of his federal sentence.[18] If the BOP grants such a petition, Killings's state sentence would be credited to his federal sentence.

## II.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Killings's motion to correct the alleged clerical error.

IT IS SO ORDERED.

Dated: August 13, 2024         *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[16] 18 U.S.C. § 3585(b).
[17] *United States v. Wilson*, 503 US. 329, 337 (1992).
[18] *See* 18 U.S.C. § 3261; *Ruff v. Butler*, 2017 WL 5135545, at *1 (6th Cir. 2017).

- 4 -